IN RE BRADFORD.

(No. 85AP-689 — Decided January 28, 1986.)

*Michael Miller,* prosecuting attorney, and *David A. Colley,* for appellee Franklin County Children Services Board.

*Tyack & Grubb* and *G. Gary Tyack,* for appellant Charlotte Bradford.

*Stephen Jones,* guardian ad litem.

STRAUSBAUGH, J.  This is an appeal by appellant Charlotte Bradford, mother, from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, finding Robert Bradford to be a dependent minor and committing him to the permanent custody of the Franklin County Children Services Board for the purpose of adoption.

The record indicates that on October 17, 1983, a neglect action was filed by Franklin County Children Services ("FCCS"), pursuant to R.C. 2151.03, 2151.23 and 2151.27, and that an emergency commitment order was granted by the trial court. On October 21, 1983, the emergency care order was terminated and FCCS was granted an interim order of custody and the child was placed in a boarding home. On January 4, 1984, the complaint of neglect was amended to one of dependency, pursuant to R.C. 2151.04, which amendment appellant did not contest. Since that date, the child has been in the legal custody of FCCS. On February 15, 1984, a comprehensive reunification plan was filed in the juvenile court pursuant to R.C. 2151.412. Thereafter, FCCS filed a motion for permanent commitment of the child, pursuant to R.C. 2151.413. Upon an evidentiary hearing of that motion by a court referee, the referee recommended that the motion be denied.

On March 26, 1985, FCCS filed objections to the report and recommendation of the referee. The trial court sustained the objections and entered judgment on the motion in favor of FCCS granting it permanent custody of Robert Bradford from which judgment appellant brings this appeal, setting forth the following two assignments of error:

"I.  The trial court erred in overturning the finding of the referee without hearing additional evidence and finding clear and convincing evidence that appellant-mother Charlotte Bradford will continue to act in the future in such a way as to warrant the permanent commitment of Robert Bradford to Franklin County Children's [*sic*] Services.

"II. The trial court erred in finding that sufficient evidence was presented to warrant a permanent commitment of the minor child Robert Bradford to Franklin County Children's [sic] Services pursuant to § 2151.414 of the Ohio Revised Code."

The two assignments of error will be considered together as the parties have done in their briefs inasmuch as the issues are interrelated.

Appellant argues that for permanent custody to be granted the trier of fact must find by clear and convincing evidence, as required by R.C. 2151.414, that FCCS made a good faith effort to implement a reunification plan; that the parents have acted in such a manner that the child is a child without adequate parental care and that the parents will continue to act in the near future in such a manner that the child will continue to be a child without adequate parental care.

The report of the referee to the trial court is as follows:

"*REFEREE FINDS:*

"Obviously there is a problem that Charlotte has, she's got to stick to Children Services like glue, never leave them alone, always ask about the child, be with the child, do everything they want you to do, be there, be able to be contacted, you've disappeared to [sic] often. The Court record shows from the beginning that was the first problem, you would take off. Took off from the hospital when the child had a serious medical problem, perhaps there was a reason for that. How is a person as young as this young lady to know how to cope with something as serious as that child had. But then there were problems appearing for Mr. Bobbitt who was your attorney, didn't show up, couldn't be contacted, was difficult to get a hold of you, it was difficult for Children Services to get a hold of you. Now that made me inclined to grant the motion to let them have permanent custody. So

things are going to have to change, and it's only because I could not in good conscious [sic] grant it in light of the inadequacy of the testimony of Dorothy Hanks to show that this behavior is lack of adequate parental care would be likely to continue. So from hereon [sic] things are [sic] something is going to have to change, if they stay the same I'm going to grant a permanent commitment six (6) months from now. So something has to change fast.

"*IN VIEW OF THE FOREGOING FACTS*:

"On March 5, 1985 the court denies the motion for permanent commitment."

The report of the referee, instead of making a finding and a recommendation to the court as required by Juv. R. 40 (D)(1), and as contemplated by the form used by the division of domestic relations, is instead an *order* of the referee using language ordinarily employed by the court.

At the hearing before the referee, the sole witness was Dorothy Hanks who had been employed for three years as a caseworker in the foster care unit for FCCS and who had a bachelor's degree from Columbia Union College in 1970 and a master's degree from the University of North Carolina in 1973 and whose testimony was fully transcribed and was before the trial court as well as this reviewing court. Appellant neither testified before the referee nor offered any evidence to contradict the testimony presented by Dorothy Hanks on behalf of FCCS. Under Juv. R. 40, it is the duty of the referee to submit a report and make a recommendation to the trial court who, after reviewing the evidence, is free to "adopt, reject, or modify the report" of the referee. Although reports of referees may frequently be adopted by the trial court, the rule does not contemplate that the trial court rubber-stamp all reports by referees. The testimony of the caseworker in-

dicates that appellant was rarely available to the caseworker; that appellant visited the child only occasionally and had not been interested in resuming custody of the child throughout the year 1984. Appellant did not object to the comprehensive reunification plan which was approved by the court and therefore it must be inferred that such plan was proper, complete, and reasonable. The plan required appellant to undergo a psychological evaluation, engage in mental health counseling, visit with the child regularly, obtain and maintain housing, attend parenting skills classes, consult regularly with the FCCS caseworker, and notify FCCS immediately if there were any changes in her address, telephone number or visitation schedule. The evidence is unequivocal in the transcript of proceedings that appellant was not referred for psychological evaluation because she made herself unavailable and because of her failure to keep in contact with the caseworker; that although appellant was referred to the Columbus Area Community Mental Health Center, she did not keep her appointments; that appellant visited with the child only once in the period of time from May 17, 1984 to March 5, 1985; that although appellant told her caseworker that she had housing accommodations on numerous occasions, she failed to keep appointments with the caseworker so that the alleged housing could be verified; that appellant attended only one class of a parenting skills course consisting of five sessions; and that appellant appeared to be secretive about her whereabouts during the course of the case rather than keeping FCCS informed of her whereabouts at all times.

While appellant argues that there is a lack of evidence to prove that appellant will continue in the near future to act in a way that the child would lack adequate parental care, it would appear that in the absence of some evidence ad-duced by appellant for a change in her conduct, the best indicia of future performance would be gauged by that of past performance. There is the old adage that actions speak louder than words; in this case we do not even have the words or promises by the appellant that her actions in the future will be any better than in the past, inasmuch as appellant did not testify. We find that the trial court correctly looked at the evidence in this case and found that the child would continue to be a dependent child without adequate parental care. There was clear and convincing evidence presented to warrant the trial court in ordering the permanent commitment of the child to the Franklin County Children Services Board. For the foregoing reasons, both assignments of error are overruled, and the judgment is affirmed.

*Judgment affirmed.*

REILLY, P.J., and MITROVICH, J., concur.

MITROVICH, J., of the Lake County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.